**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:08-cv-1165-Orl-31DAB**

**EXPERT CAR CARE, INC.,**

        **Defendant.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's Motion to Dismiss (Doc. 7) and Plaintiff's response in opposition thereto (Doc. 10).

**I. Background**

Plaintiff, the United States, on behalf of the U.S. Department of Labor, Occupation Safety and Health Administration ("OSHA"), brought this suit against the Defendant, Expert Car Care, Inc. ("ECC"), to recover certain unpaid civil penalties, costs, and interest assessed under 29 U.S.C. § 651 *et seq.* (the "Act"). According to OSHA's Complaint, it conducted inspections of ECC's places of business and found certain violations of workplace safety and health standards. OSHA alleges that it timely notified ECC, in writing, of these six (6) violations but that ECC has failed to pay the penalties assessed or otherwise responded to the notices. As result, OSHA brought suit pursuant to § 666(l) of the Act.

## II. Standard Of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

**III. Analysis**

Defendant contends, *inter alia*, that Plaintiff failed to adequately plead material facts to support its claims, including the citations issued, the time frames for the citations, or that Defendant actually received timely notice of the violations.  Defendant's argument is without merit.  Unlike the Florida Rules of Civil Procedure, the Federal Rules do not require "ultimate" or "material facts" at the pleading stage; all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." *Hill v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 715 F.Supp. 346, 349 (M.D. Fla. 1989); FED. R. CIV. P. 8(a)(2).  Here, the Complaint clearly contains enough information to satisfy Rule 8.  If, after discovery, a factual dispute arises as to Plaintiff's compliance with the various pre-suit procedures required under the Act, Defendant may file an appropriate motion for summary judgment.

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 2, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE